NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>MICHAEL LUDWIKOWSKI, :<br>:<br>Defendant. :<br>:<br>: | Crim. No. 16-00513 (RBK)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion for Reduction of Sentence Under First Step Act. (Doc. 144.)

**I.    BACKGROUND**

Defendant is Michael Ludwikowski, an inmate at FCI Loretto. Ludwikowski was formerly a pharmacist who owned two pharmacies in Medford, New Jersey. *United States v. Ludwikowski*, 944 F.3d 123, 127 (3d Cir. 2019). In 2016, Ludwikowski was indicted by a grand jury and accused of knowingly and intentionally filling fraudulent Oxycodone prescriptions in violation of federal regulations. (Doc. 145, "Government Opp." at 2.) On August 22, 2017, a jury found Ludwikowski guilty of five counts of illegal distribution of Oxycodone and one count of maintaining a drug-involved premises. (*Id.* at 3.) Defendant appeared for sentencing on April 12, 2018 before the Honorable Jerome B. Simandle. (*Id.* at 4.) Judge Simandle sentenced Ludwikowski to a term of 180 months' imprisonment. Ludwikowski appealed the Court's sentence, and the Third Circuit affirmed. *See Ludwikowski*, 944 F.3d at 123. After serving 26 months of his sentence,

Ludwikowski filed the present motion seeking compassionate release under 18 U.S.C.§ 3582(c)(1)(A) due to the ongoing COVID-19 pandemic.

## II. LEGAL STANDARD

### A. Motion for Reduction of Sentence Under First Step Act

Under the recently enacted First Step Act, a court may afford a defendant "compassionate release for 'extraordinary and compelling reasons.'" *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). Before bringing a motion for reduced sentence on their own behalf, defendants first "must ask the Bureau of Prisons ("BOP") to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." *United States v. Raia*, Civ. No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020) (citing § 3582(c)(1)(A)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Sellers,* 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(C)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

## III. DISCUSSION

### A. Motion for Reduction of Sentence Under First Step Act

The parties agree that Ludwikowski has satisfied the exhaustion requirement and is thus permitted to bring a motion for reduced sentence in this Court. Thus, the Court focuses on the second step of the analysis: (1) whether Ludwikowski has demonstrated that extraordinary and compelling reasons exist for his release and (2) whether the Section 3553(a) factors weigh in Ludwikowski's favor.

### 1. Whether Extraordinary and Compelling Reasons Exist

Ludwikowski asserts that the COVID-19 pandemic and the presence of the virus at FCI Loretto constitute extraordinary and compelling circumstances warranting a reduction in his sentence. (Mot. at 20.) Ludwikowski states that "the COVID-19 pandemic alone is an extraordinary and compelling reason for home confinement under the CARES ACT." (*Id.*) While the Court does not seek to undermine the seriousness of this pandemic, the Court finds these general argument unpersuasive. The Third Circuit recently addressed the issue of COVID-19 as it pertains to prison populations, stating that the "mere existence of COVID-19 in society and the possibility that it may spread" in a particular prison "alone cannot independently justify compassionate release." *Raia*, 2020 WL 1647922, at *2.

The Court recognizes that there have been over 400 positive cases of COVID-19 among inmates at FCI Loretto.[1] However, there have been zero deaths among inmates and zero deaths among staff related to COVID-19 at FCI Loretto.[2] Thus, standing alone, the mere existence of COVID-19 at FCI Loretto is insufficient to show "extraordinary and compelling reasons" for release. *See United States v. Brown*, No. 13-282, 2020 WL 4244859, at *3 (W.D. Pa. July 29, 2020) (denying compassionate release motion despite the presence of COVID-19 at Loretto FCI);

---

[1] *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 8, 2020).
[2] *Id.*

3

*United States v. Snyder*, No. 19-00200, 2020 WL 5993772, at *1 (M.D. Pa. Oct. 9, 2020) (same); *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862 at *2 (D.N.J. Apr. 24, 2020) (finding "the measures instituted by the BOP to be reasonable to address the virus outbreak" at a federal prison in New York even though several inmates had tested positive); *United States v. Stevens*, Crim. No. 19-350-02, 2020 WL 1888968, at *4 (E.D. Pa. Apr. 16, 2020) ("Although the Court is aware of the dangers posed by COVID-19 and is sympathetic to [Defendant's] concern about COVID-19 given his diabetes, speculation about possible future conditions at the FDC does not constitute an exceptional reason for release.") (collecting cases); *United States v. Haney*, Crim. No. 19-541, 2020 WL 1821988 at *5 (S.D.N.Y. Apr. 13, 2020) (denying a 61-year-old defendant's request for early release, stating that although the prison has several confirmed cases of COVID-19). The Court is sympathetic and recognizes the potential for Ludwikowski's exposure to COVID-19 at FCI Loretto. Unfortunately, that potential exists anywhere in society. Ludwikowski has indicated his intent to return to Burlington County, New Jersey if the Court grants his Motion. However, Burlington County has had over 16,000 confirmed COVID-19 cases and at least 525 deaths associated with COVID-19.[3] Accordingly, Burlington County has experienced a higher rate of COVID-19-related fatalities than FCI Loretto.

Furthermore, Ludwikowski fails to demonstrate that he is particularly vulnerable to the virus or that he suffers from any specific health conditions that would classify him as "high risk." The Court looks to guidance from the CDC to determine whether Ludwikowski falls into a high-risk category that would present extraordinary and compelling circumstances for release.

---

[3] *COVID-19 Update*, Burlington County, https://www.co.burlington.nj.us/CivicAlerts.aspx?AID=1257 (last visited Dec. 8, 2020).

According to this guidance, certain categories of individuals face a higher risk from COVID-19.[4] These include "older adults"—defined as "65 years and older"—and "people of any age who have serious underlying medical conditions." *Id.* The serious medical conditions referenced include cancer, chronic kidney disease, heart conditions, weakened immune system from solid organ transplant, obesity, smoking, and type 2 diabetes mellitus.[5]

At 48 years old, Ludwikowski is not categorized as an "older adult." Additionally, Ludwikowski does not provide evidence to establish that he has any of the enumerated conditions that would place him at high risk of contracting COVID-19. Accordingly, Ludwikowski does not qualify under this published guidance as being at greater risk of contracting a severe case of COVID-19. When considering all circumstances impacting Ludwikowski, and because Ludwikowski's health conditions do not place him at a significantly greater risk of complications from COVID-19, he does not meet the required "extraordinary and compelling" standard for reduction of his sentence. *See United States v. Epstein*, Crim. No. 14-287-1, 2020 WL 2537648 (D.N.J. May 19, 2020) (denying an inmate's motion for sentence reduction after finding that his health conditions were under control while in prison).

## 2. Section 3553(a) Factors

Moreover, an analysis of the Section 3553(a) factors further supports the denial of Ludwikowski's request for sentence reduction. In considering whether to reduce a defendant's sentence, a court must look to the factors contained in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—

---

[4] *People at Increased Risk for Severe Illness*, Center for Disease Control, (Sept. 11, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[5] *People with Certain Medical Conditions*, Center for Disease Control, (Oct. 16, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

18 U.S.C. § 3553.

Ludwikowski argues that the factors weigh in his favor because he does not have a violent history, he has maintained a clear conduct record while incarcerated, and the Bureau of Prisons ha categorized him as a minimal risk of recidivism. (Mot. at 26–27.) While the Court agrees that Ludwikowski is not likely to be a danger to society, the Court also must consider the nature of the circumstances of the offense and the characteristics of the defendant. As the Government notes, Ludwikowski was a licensed pharmacist and was given the opportunity to help patients and appropriately treat their medical conditions. (Opp. at 13.) However, Ludwikowski used his skills and knowledge to "divert controlled substances and hurt others by feeding their addictions." (*Id.*) Congress has deemed these types of crimes as serious offenses by legislating high statutory maximum terms of imprisonment. (*Id.*) The Court imposed this sentence in order to adequately reflect the seriousness of the offenses and to provide just punishment for the offenses. The Court sees no reason to suddenly depart from that sentence now. Moreover, Ludwikowski has served only a small portion of his imprisonment—a mere 26 months of his 180-month sentence. There is a risk that such a short sentence would not provide adequate deterrence for future criminal conduct.

Thus, on these facts and the totality of Ludwikowski's actions, this Court finds that Section 3553(a) factors weigh against granting Ludwikowski's Motion for a reduced sentence. *See, e.g.*, *United States v. Torres*, No. 18-414, 2020 WL 3498156, at *10 (E.D. Pa. June 29, 2020) (denying motion where defendant served less than 15% of 63-month sentence for drug offense); *United States v. DeMille*, 465 F. Supp. 3d 1144, 1149 (D. Or. June 8, 2020) (denying motion where former

registered nurse for pill mill had health problems but none fell within the CDC risk factors and the defendant had only served a small portion of her sentence). In finding so, the Court is cognizant of the seriousness of Ludwikowski conduct and the need to provide adequate deterrence. Accordingly, the Motion for Compassionate Release is **DENIED**.

## IV.   CONCLUSION

For the reasons contained herein, Ludwikowski's Motion for Reduction of Sentence Under First Step Act (Doc. 144) is **DENIED**. An accompanying Order shall issue.

Dated: 12/10/2020                                                           /s/ Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge